Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 W Coast Hwy Ste 200
Newport Beach, CA 92663
Phone: (949) 270-2798

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708

Attorneys for Plaintiff
Charles Ballard and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Ballard, an individual on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiff<br>v.<br><br>Bhang Corporation and Does 1 through 25, inclusive,<br><br>Defendants | Case No.     5:19-cv-2329<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br><br><br><br>**Demand For Jury Trial** |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, CHARLES BALLARD, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, CHARLES BALLARD ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant BHANG CORPRATION ("Defendant" or "Bhang").

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.    Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who were misled into purchasing Bhang Products (as defined below) due to false and misleading advertising as described herein.

2.    Plaintiff brings this action on behalf of himself and a California and Nationwide proposed class of purchasers of the Bhang Products for violations of the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, breach of express warranty, breach of the implied warranty of merchantability and for fraud and negligent misrepresentation.

## PARTIES

3.    Plaintiff, Charles Ballard ("Plaintiff "), is a citizen of California, who resides in the county of Riverside.

4.    Plaintiff has purchased Bhang Medicinal Chocolate during the time period 2016 through 2018 from retail locations, including in Riverside County, Orange County and Los Angeles County, and in doing so altered his position in an amount equal to the

2

**CLASS ACTION COMPLAINT**

amounts, including the price premiums, he paid for the Bhang Products. Plaintiff and the Proposed Class would not have purchased or paid a price premium for the Bhang Products had he known that the representations stated on the labels of the Bhang Products regarding the amounts and/or levels of THC and/or CBD content were false, deceptive and/or misleading.

5.    Plaintiff saw, read, and relied on the statements, representations, warranties contained on front and back labels of the Bhang Product packaging regarding the stated quantities of THC and CBD before purchasing the Bhang Products. Plaintiff purchased one or more of the Bhang Products at a premium price and would not have made the purchases of the Bhang Products had he known the statements, representations, and warranties regarding the THC and/or CBD amounts and/or levels did not conform to the amounts an/or levels as stated by Defendants.

6.    Defendant, Bhang Corporation is Nevada corporation with its headquarters in Miami, Florida.

7.    The "Bhang Products" as defined herein refers to all Bhang chocolate bars sold prior to December 31, 2018, including but not limited to: Dark Chocolate, Milk Chocolate, Toffee Chocolate, Pretzel Chocolate, Sugar-Free Dark Chocolate, Fire Chocolate, Ice Chocolate, Cookies & Cream Chocolate, Cherries & Cream, CBD Caramel Dark Chocolate, Parisian Espresso, Caramel Mocha, Dark Blueberry, Full Spectrum CBD Dark Chocolate and Full Spectrum CBD Milk Chocolate (hereinafter the "Bhang Products"), which are marketed, advertised, distributed and sold by the Defendant in California and throughout the United States.

8.    The Bhang Products contain the statements, representations, and warranties,, which were/are and are false, misleading, and deceptive claims and advertisements set forth on packaging, labeling and in advertisements as alleged herein. On information and

**CLASS ACTION COMPLAINT**

belief, the Bhang Products do not contain the amounts and/or levels of THC and/or CBD identified on the Products' labels, packaging, and marketing materials.  Independent lab testing commissioned by Plaintiff of the Bhang Products reveals that the amounts and/or levels of THC and/or CBD do not conform to the statements, representations, and warranties set forth on the front and back labels, packaging, or marketing materials of the Bhang Products.  The actual amounts and/or levels of THC and/or CBD are substantially less than stated on the front and back of the labels, packaging, and marketing materials by Defendants. Consumers, such as Plaintiff and the proposed class purchase medicinal products for the amounts and/or levels of THC and/or CBD.  The amounts and/or levels of THC and/or CBD are not only material, but the primary reason consumers purchase THC and/or CBD products such as Bhang Products.  But for the false statements, representations, and warranties contained on the Bhang Products' front and back labels, packaging, and marketing materials.   Sample picture of the statements, representations, and warranties contained on the Bhang Products are set forth below:



4

**CLASS ACTION COMPLAINT**

**Nutrition Facts**

Serving Size: about 10g (1 section)
Servings Per Package: 4 (42.5g)

Amount Per Serving

| | |
|---|---|
| Calories  70 | |
| Calories from Fat 43 | % Daily Values* |
| **Total Fat** 6g | 8% |
| Saturated Fat 3g | 15% |
| Trans Fat 0g | † |
| **Cholesterol** 0mg | 0% |
| **Sodium** 25mg | 0% |
| **Total Carbohydrate** 5g | 2% |
| Dietary Fiber 1g | 4% |
| Sugars 5g | † |
| **Protein** 2g | 4% |

**INGREDIENTS:**
cocoa butter, sugar, cocoa solids, wheat flour, peanuts, corn oil, malt, sodium and aluminum bicarbonate, cannabis, salt, vanilla

**OTHER INGREDIENTS:**
Per Segment:
Δ⁹-THC, 30 mg;
CBD, <5 mg;
CBN, <5 mg.

Made in a facility that also processes nuts, dairy and other known allergens.

**Consumption Advice:** Until you know the effect of this product eat only 1/2 of one segment, and wait a minimum of one hour before consuming another segment.

PERFECTION IN CANN

9.      The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.

10.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein. Defendant Bhang and DOE defendants are collectively referred to as "Defendants."

11.     On information and belief, Plaintiff alleges that at all times herein mentioned, each of the Defendants was acting as the agent, servant or employee of the other Defendants

**CLASS ACTION COMPLAINT**

and that during the times and places of the incident in question, Defendants and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

12.    On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

13.    On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused the Bhang Products to be sold with knowledge or reckless disregard that the statements and representations concerning the Bhang Products were false and misleading.

14.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**CLASS ACTION COMPLAINT**

16.    Plaintiff is a citizen of California and this Court has personal jurisdiction over Defendant because Defendant conducts business in California and otherwise intentionally avail itself of the markets in California so as to render the exercise of jurisdiction by this Court proper. Defendant have marketed, promoted, distributed, and sold the Bhang Products in California and in this District.

17.    Pursuant to 28 U.S.C. §1391(b), this Court is the proper venue since the Defendant are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

18.    In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.* The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendant' pattern of unfair and deceptive business practices as alleged herein. This private attorneys general action is necessary and appropriate because Defendant have engaged in wrongful acts described herein as part of the regular practice of its business.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

20.    Plaintiff seeks to represent the following Nationwide Class and California Class (hereinafter collectively the "Classes"):

**CLASS ACTION COMPLAINT**

All persons residing in the United States who purchased the Bhang Products for personal use and not for resale during the time period December 4, 2014 through December 31, 2018 (the "Nationwide Class").

All persons residing in the State of California who purchased the Bhang Products primarily for personal, family or household purposes and not for resale during the time period December 4, 2014 through December 31, 2018 (the "California Class").

21.     The Classes comprise many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court. The Classes are sufficiently numerous because on information and belief, thousands to hundreds of thousands of units of the Bhang Products have been sold in the United States and State of California during the time period December 4, 2014 through December 31, 2018 (the "Class Period").

22.     There is a well-defined community of interest in this litigation and the Classes are easily ascertainable:

a.   Numerosity:  The members of the Classes are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the size of the Classes exceed thousands of members.

b.   Typicality:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the Classes with whom he has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Classes.

c.   Adequacy:  Plaintiff does not have a conflict with the Classes and is qualified to and will fairly and adequately protect the interests of each member of the Classes with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he has an obligation to

**CLASS ACTION COMPLAINT**

the Court to make known any relationship, conflict, or difference with any putative class member. Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

23. There exist common questions of law and fact that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether Defendants made false and misleading representations in the advertising and/or packaging of the Bhang Products;

d. Whether or not Defendants website contains misleading statements or representations;

e. Whether Defendants knew or should have known that its THC content and/or CBD content claims on the Bhang Products were false;

f. Whether Defendants represented that the Bhang Products have characteristics, benefits, uses, or quantities which they do not have;

g. Whether Defendants representations regarding the Bhang Products are false;

**CLASS ACTION COMPLAINT**

h.  Whether the Defendants breached warranties regarding the Bhang Products;

i.  Whether the Defendants committed statutory and common law fraud; and

j.  Whether Defendants' conduct as alleged herein constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.  Whether the Claims deceived Plaintiff and the Classes, who reasonably relied on them in making their purchase decisions.

24.    Plaintiff's claims are typical of the claims of the Classes, and Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

25.    Plaintiff and the Classes have suffered injury in fact and have lost money as a result of Defendants' false representations.  Indeed, Plaintiff purchased the Bhang Products under the belief that they contained at least the amount of THC and/or CBD identified thereon and in marketing materials.  Plaintiff relied on Defendants' packaging, labeling, marketing and website and would not have purchased the Bhang Products or paid a premium for them if he had known that they did not have the characteristics, ingredients, uses, benefits, or quantities as represented vis-à-vis the Claims.

26.    The Defendants' misrepresentations regarding the statements and representations related to the Bhang Products were material insofar as the primary motivating factor for purchasing the Bhang Products was the THC and/or CBD content. By advertising and marketing that the Bhang Products contain higher levels of THC and/or CBD than they really have, Defendants gain an unfair advantage over their competition and mislead consumers.

27.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would

**CLASS ACTION COMPLAINT**

make it impracticable or impossible for class members to prosecute their claims individually.

28.     The trial and litigation of Plaintiff's claims are manageable.  Individual litigation of the legal and factual issues raised by Defendant's' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

29.     Defendant acted on grounds generally applicable to the Classes as a whole, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Classes as a whole. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants.

30.     Absent a class action, Defendant is likely to retain the benefits of its wrongdoing. Because of the small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

31.     Excluded from the class is the Defendant in this action, any entity in which Defendant has a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of the Defendant.

32.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

**CLASS ACTION COMPLAINT**

33.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION
Violations of California Civil Code § 1750, *et seq.*
By Plaintiff and the Proposed California Class against Defendant

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.     Plaintiff and the California Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Bhang Products are each a "good" as defined by Cal. Civ. Code § 1761(a).

36.     The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Defendants' claims and representations regarding the Bhang Products' supposed THC and/or CBD content are false and are likely to deceive the reasonable consumer in that the Bhang Products contain substantially less than the amount of THC and/or CBD represented by Defendants.  Bhang's use of the Claims on the Bhang Products and in marketing materials violates Cal.Civil Code § 1770(a)(5) insofar as the claims constitute representations that the Bhang Products have characteristics, ingredients, uses or benefits which they do not have (they contain less than the THC and/or CBD claimed).

37.     Defendants use of the Claims also violates Cal. Civil Code § 1770(a)(7) because the they constitute representations that the Bhang Products are of a particular

**CLASS ACTION COMPLAINT**

standard, quality, or grade when in fact they are of another (they contain less than the THC and/or CBD claimed).   Accordingly, it is evident that Bhang had no intention of selling the Bhang Products as advertised, in violation of Cal. Civil Code § 1770(a)(9), and that Defendants violated Cal Civil Code § 1770(a)(16), which expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendants violated § 1770(a)(16) insofar as Bhang represented that Plaintiff and similarly situated consumers have been provided with Bhang Products containing the cannabinoid content claimed when they have not.

38.     Plaintiff and the proposed California Class of California class members suffered injuries caused by Defendants because they would not have purchased the Bhang Products if the true facts were known concerning the Defendants' false and misleading Claims regarding THC and CBD content.

39.     On or about July 11, 2019, prior to filing this action, a pre-filing notice letter was served on Defendant via certified U.S. mail, return receipt requested, advising the Defendants that they are in violation of the CLRA and demanding remedies for Plaintiff and class members in accordance with Cal. Civ. Code 1782(a).  A true and correct copy of Plaintiff's pre-filing notice letter is attached to this complaint as "Exhibit A". Defendants denied liability and did not cure the deficiencies alleged in Plaintiff's CLRA demand letter within the statutory time period.

40.     Plaintiff seeks injunctive relief and damages and reasonable attorney's fees for this violation of the CLRA on behalf of himself and class members.  In compliance with Cal. Civ. Code 1782(d), Plaintiff has executed the affidavit of venue attached hereto and filed concurrently herewith.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

Violations of California Business & Professions Code §§17500, *et seq.*
By Plaintiff and the Proposed California Class against Defendants

41.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

42.     Pursuant to Cal. Bus. & Prof. Code §§ 17500, *et seq.*, it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

43.     Defendants committed acts of false advertising, as defined by §17500, by making statements and representations regarding the Bhang Products because those claims are false and misleading.

44.     Because Defendants knew or should have known through the exercise of reasonable care that the THC and/or CBD content Claims regarding the Bhang Products were false, untrue and misleading to Plaintiff and class members.

45.     Defendants' actions in violation of § 17500 were false and misleading such that the Plaintiff, the Proposed California Class and the general public are and were likely to be deceived.

46.     Plaintiff and the Proposed California Class lost money or property as a result of Defendants' false advertising violations, because they would not have purchased or paid a premium for the Bhang Products if they had not been deceived by the false and misleading statements and representations regarding the THC and/or CBD Claims.

**CLASS ACTION COMPLAINT**

47.     Plaintiff and the Proposed California Class paid a premium for the Bhang Products due to their reliance on the Claims and on the Defendant's reputation.

### THIRD CAUSE OF ACTION
For Breach of Express Warranty
Violations of Cal. Com. Code § 2313(1)

By Plaintiff and the Proposed California Class against the Defendants

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49.     Defendants made representations, promises and/or affirmations of fact constituting express warranties regarding the claims which are/were contained on the Bhang Products. Defendants' statements, representations, and/or warranties regarding the Claims formed a basis of the bargain on which the Plaintiff and the Proposed California Class relied on in deciding to purchase and actually purchasing the Bhang Products.  The warranties failed to comply with the affirmation that the Bhang Products contained the quantity of THC and/or CBD claimed.

50.     The Defendant breached the express warranties by selling the Bhang Products in contravention of the express warranties insofar as the Bhang Products are do not contain at least the claimed quantities of THC and/or CBD.

51.     Defendants' breach of the express warranties were the actual and proximate cause of damage to the Plaintiff and the Proposed California Class including, *inter alia*, the loss of the purchase prices and/or the payment of a price premium in connection with their purchase of the Bhang Products.

**CLASS ACTION COMPLAINT**

52.    Plaintiff provided written notice of breach to the Defendants, who failed to adequately respond or remedy the breach. The notice is attached to this complaint as "Exhibit A".

53.    Accordingly, Plaintiff and the Proposed California Class seek actual damages arising from the Defendants' breach of express warranty.

## FOURTH CAUSE OF ACTION
For Fraud
By Plaintiff and Proposed Nationwide Class against Defendants

54.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.  At all times in purchasing Bhang Products, Plaintiff and class members believed prior to making purchase that they were purchasing Bhang Products that contained certain amount and/or levels of THC and/or CBD as set forth on the label, packaging, and/or marketing materials of Defendants.  From at least 2014 through 2018, Plaintiff saw and read labels and packaging prominently displayed on the Bhang Products at stores located in California, including the THC and/or CBD content claims on which Plaintiff relied on in deciding to purchase the Bhang Products.  Plaintiff and class members read and relied on the claims made on the labels and packaging of the Bhang Products and paid a premium as a result of Defendant's statements, representations, and/or warranties.

56.    As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information in connection with the claims contained on the labeling and packaging of the Bhang Products. Plaintiff and class members relied on

**CLASS ACTION COMPLAINT**

Defendants' statements, representations, and warranties prior to making the decision to purchase the Bhang Products.  Defendants misrepresented and/or failed to disclose material facts to Plaintiff and class members about the Bhang Products do not contain the amount of THC and/or CBD claimed.

57.    The Defendants' misrepresentations and omissions regarding the claims were made with knowledge of the falsehood thereof or in conscious disregard of the likelihood of their falsehood.

58.    The misrepresentations and/or omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Bhang Products.

59.    The fraudulent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## FIFTH CAUSE OF ACTION
For Negligent Misrepresentation
By Plaintiff and Proposed Nationwide Class against Defendants

60.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.  At all times in purchasing Bhang Products, Plaintiff and class members believed prior to making purchase that they were purchasing products that contained the THC and/or CBD amounts and/or levels claimed as a result of Defendant's product labeling, packaging, and advertising.  Plaintiff and class members read

**CLASS ACTION COMPLAINT**

Defendant's labeling on the Bhang Products and paid a premium as a result of Defendant's Claims, statements, representations, and/or warranties.

62.    Defendants misrepresented the nature, quality and ingredients of the Bhang Products.    Defendants had a duty to disclose this information.

63.    At the time Defendants made the false claims, Defendants knew or should have known that these statements, representations, and warranties were false or made them without knowledge of their truth or veracity.

64.    Defendants negligently misrepresented and omitted material facts about the Bhang Products, in that they do not contain the amount of THC and/or CBD claimed, and the Proposed Class relied upon the negligent statements or omissions and were deceived and induced into purchasing the Bhang Products.

65.    The negligent misrepresentations and/or omissions made by Defendants, upon which Plaintiff and the Proposed Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Bhang Products.    The THC and/or CBD content claims were material to the Plaintiff, the proposed class, and any reasonable consumer who purchase Bhang Products for their THC and/or CBD content.

66.    Plaintiff and Class members would not have purchased the Bhang Products and/or would not have paid a price premium therefore, if the true facts had been known to them regarding the falsity of Defendants' statements, representations, and warranties.

67.    The negligent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages and other legal and equitable relief as a result.

**CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

For Violation Cal. Bus. & Prof. Code § 17200, *et seq.*
By Plaintiff and Proposed California Class against Defendants

68.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

69.    Plaintiff brings this claim individually and on behalf of the proposed California Class against Defendants.

70.    Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

71.    Defendants know and have known that the amounts and/or levels of THC and/or CBD are false, deceptive and misleading to a reasonable consumer, including Plaintiff and the Class members.

72.    The foregoing acts and omissions by the Defendants constitute unfair, fraudulent business acts or practices and false advertising.

73.    As alleged hereinabove, the false, deceptive and misleading claims by the Defendants are and were likely to deceive the Plaintiff, the Proposed Class members, reasonable consumers and members of the general public and are therefore "fraudulent" within the meaning of the UCL.

74.    The foregoing violations of the Consumer Legal Remedies Act, the False Advertising Law and the California Commercial Code constitute "unlawful" business practices within the meaning of the UCL.

75.    Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers,

**CLASS ACTION COMPLAINT**

offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  The harm is substantial given the fact consumers are misled as to the nature of the Bhang Products and the THC and/or CB content claims.  Plaintiff and the Proposed California Class members have thereby been deceived and misled into unfairly paying premium prices.

76.   Defendants had specific knowledge that its natural claims are false and misleading, but continued to market the Bhang Products with the intent of making substantial profits based on the unfair, fraudulent, deceptive practices alleged herein.

77.   The Defendants' conduct is also unfair given the huge profits derived from the sale of the Bhang Products at the expense of consumers as a result of the false and misleading Claims.

78.   Defendants violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about the Bhang Products vis-à-vis the Claims which are/were likely to deceive the Plaintiff, the Proposed California Class members, reasonable consumers and the general public.

79.   Plaintiff, the Class, and the California Class members lost money or property as a result of Defendants' UCL violations because they would not have purchased the Bhang Products, would not have purchased the amount of Bhang Products they purchased, and/or would not have paid the premium price they paid for the Bhang Products if the true facts were known concerning the false and misleading statements set forth in the Claims.

80.   Defendant's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for Defendants' wrongful conduct is outweighed by the adverse effects of such conduct.

**CLASS ACTION COMPLAINT**

81.     Pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and the Class, requests that this Court enjoin Defendants from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above. Unless Defendants is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers will be damaged by its acts and practices in the same way as have Plaintiff and the members of the proposed Class.  Plaintiffs also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

82.     Plaintiff and the California Class members could not reasonably avoid the harm caused by Defendant's wrongful practices. Assuming, arguendo, that Defendants' practices are/were not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to the public policies expressed therein. Thus, Defendants engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

83.     Plaintiff, the Class, and the California Class members are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an order certifying the nationwide Class and the California Class under Rule 23 of the Federal Rules of Civil Procedure;

b.  For an order certifying Plaintiff as the representative of the Class and California Class and Plaintiff's attorneys as Class Counsel to represent members of the Class and California Class;

**CLASS ACTION COMPLAINT**

c.  For an order declaring the Defendants' conduct violates the statutes and laws referenced herein;

d.  For a permanent injunction restraining and enjoining Bhang and its agents, servants, and employees, and all persons acting under, in concert with, or for it from making, disseminating, or causing to be made or disseminated before the public in this state, in any advertising device, any statement concerning products offered for sale that are untrue or misleading, and that are known, or by the exercise of reasonable care should be known, to be untrue or misleading.

e.  For an order enjoining Bhang from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

f.  For an order awarding Plaintiffs and the members of the Class actual damages, restitution, and/or disgorgement and/or for any other fashioned remedy appropriate, legal and equitable under the circumstances;

g.  For an order to correct, destroy, and change all false and misleading labeling terms relating to Defendants' statements and representations;

h.  For an order finding in favor of Plaintiff, the Class and the California Class on all counts asserted herein;

i.  For compensatory and punitive damages in amounts to be determined;

j.  For prejudgment interest on all amounts awarded;

k.  For injunctive relief as pleaded or as the Court may deem proper; and

l.  For an order awarding Plaintiff, the Class, and the California Class their reasonable attorneys' fees and expenses and costs of suit.

**CLASS ACTION COMPLAINT**

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted

Dated: December 4, 2019        **LAW OFFICES OF ROSS CORNELL, APC**

By:    */s/ Ross Cornell*
Ross Cornell, Esq.
Attorneys for Plaintiff,
CHARLES BALLARD
and the Proposed Classes

23

**CLASS ACTION COMPLAINT**

## California CLRA Declaration

I, CHARLES BALLARD, hereby declare that:

1.      I am over the age of eighteen, I have personal knowledge of the facts stated in this declaration, and if called upon to do so I could and would competently testify in conformity herewith.

2.      I am the named Plaintiff in this case and have asserted a Consumer Legal Remedies Act claim herein.

3.      I purchased one or more of the Bhang Products identified in paragraphs 7 and 8 of the Complaint in Riverside County, California.

4.      I am a resident of Riverside County, California.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th Day of December, 2019 in Riverside, California.

_____
Charles Ballard

**CLASS ACTION COMPLAINT**

**EXHIBIT A**

# NATHAN
## & ASSOCIATES, APC

2901 WEST COAST HIGHWAY • SUITE 200 • NEWPORT BEACH • CALIFORNIA 92663
TEL 949-270-2798 • FAX 949-209-0303

July 11, 2019

### *Via Certified Mail - Return Receipt Requested*

Bhang Corporation
6815 Biscayne Blvd., Suite 103
Miami, FL 33138

Benjamin H. Brodsky
c/o Bhang Corporation
200 SE 1st Street, Suite 400
Miami, FL 33131

Bhang Corporation
7251 NE 2nd Avenue, Unit 201
Miami FL 33138

**Re:    *Demand Letter Pursuant to California Civil Code § 1782, U.C.C. §§ 2-313, 2-314, and other applicable laws*.**

To Whom It May Concern:

This letter serves as a notice and demand for corrective action on behalf of Charles Ballard and all other persons similarly situated, arising from breaches of warranty and violations of numerous provisions of California law including the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5), (7), and (9).  This letter also serves as notice pursuant to Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A) concerning the breaches of express and implied warranties described herein.

You have participated in the manufacture, marketing, and sale of the following Bhang Cannabis products: Dark Chocolate, Milk Chocolate, Toffee Chocolate, Pretzel Chocolate, Sugar-Free Dark Chocolate, Fire Chocolate, Ice Chocolate, Cookies & Cream Chocolate, Cherries & Cream, CBD Caramel Dark Chocolate, Parisian Espresso, Caramel Mocha, Dark Blueberry, Full Spectrum CBD Dark Chocolate and Full Spectrum CBD Milk Chocolate (the "Products").

On the Products' labels and in widely disseminated marketing materials, you misrepresent the Products as having a certain amount of Total THC and Total CBD that serves as an affirmative representation of certain qualities of the Products. As has been confirmed in independent laboratory testing, the representations regarding Total THC and Total CBD on the Products' labels are false and misleading.

Accordingly, your claims and representations regarding the Products' supposed Total THC and Total CBD are false and are likely to deceive the reasonable consumer.  The false representations set forth in the foregoing paragraphs are referred to herein collectively as the "Representations."



2901 WEST COAST HIGHWAY • SUITE 200 • NEWPORT BEACH • CALIFORNIA 92663
TEL 949-270-2798 • FAX 949-209-0303

Your use of the Representations on the Products and in marketing materials violates Cal.Civil Code § 1770(a)(5) insofar as the Representations constitute representations that the Products have characteristics, ingredients, uses or benefits which they do not have (they contain less than the Total THC and Total CBD claimed).

Your use of the Representations also violates Cal. Civil Code § 1770(a)(7) because the they constitute representations that the Products are of a particular standard, quality, or grade when in fact they are of another (they contain less than the Total THC and Total CBD claimed).

Accordingly, it is evident that you have no intention of selling the Products as advertised, in violation of Cal. Civil Code § 1770(a)(9), and that you have violated Cal Civil Code § 1770(a)(16), which expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." You violated § 1770(a)(16) insofar as you have represented that Mr. Ballard and similarly situated consumers have been provided with Products containing the cannabinoid content claimed when they have not.

Your pattern and practice of violating the CLRA, falsely advertising fabricated Products' claims, and engaging in misleading advertising constitutes an unfair business practice within the meaning of California Business and Professions Code § 17200 and false advertising pursuant to § 17500. Furthermore, the aforementioned conduct constitutes a violation of Cal. Com. Code § 2313(1) and 2314 and the rules regarding express and implied warranties.

Charles Ballard is a resident of California who purchased the Products based on your label claims stating that the Products had Total THC and Total CBD. He would not have purchased Products if the labels and marketing materials had not contained the foregoing false and misleading claims. Mr. Ballard has purchased the Products within the past three years from various locations in California. He will be pursuing claims on behalf of a class of consumers defined as all persons nationwide who purchased the Products within the past four years.

**YOU HAVE THIRTY (30) DAYS** from the date on which this notice is served upon you to correct, repair, replace, or otherwise rectify the foregoing violations as to our client and all aggrieved consumers. Our client demands that you immediately cease the unlawful business practices described herein, disgorge the profits derived from your unlawful business practice and false advertising, and make restitution to our client and all similarly situated purchasers of the Products, without limitation.

**FAILURE TO TAKE ACTION WITHIN 30 DAYS OF THE RECEIPT OF THIS NOTICE SHALL RESULT IN THE FILING OF A CIVIL LAWSUIT IN U.S. DISTRICT COURT** for damages, restitution and injunctive relief and all other appropriate

# NATHAN
## & ASSOCIATES, APC

2901 WEST COAST HIGHWAY • SUITE 200 • NEWPORT BEACH • CALIFORNIA 92663
TEL 949-270-2798 • FAX 949-209-0303

relief on behalf of our client and all others similarly situated pursuant to *Cal. Civil Code §
1780, et seq.*, *Cal. Business and Prof. Code §§* 17200 and 17500 and for statutory damages,
punitive damages, treble damages, and attorney fees and costs as authorized by law.

Any response hereto shall be provided in written format and shall be clear and understandable
and mailed via certified mail to the following addresses:

REUBEN D. NATHAN
2901 W. COAST STE 200
NEWPORT BEACH, CA 92663

**NOTICE AND DEMAND TO PRESERVE EVIDENCE.**  This letter also constitutes
notice to you that you are not to destroy, conceal or alter in any manner whatsoever any
evidence, documents, merchandise, information, paper or electronic data and/or other
tangible items or property potentially discoverable in the above-referenced matter,

including but not limited to documents that relate to your processes for advertising the
Products online, your process for creating marketing materials and Product labels, and all
documents that relate to your advertising practices regarding the Products.  In order to assure
that your obligation to preserve documents and things will be met, please forward a copy of
this letter to any and all persons and entities with custodial responsibilities for the items
referred to herein and other relevant evidence.

We look forward to your written response.  If you fail to adequately redress the matters set
forth herein within thirty (30) days, be advised that we will seek damages under Civil Code §
1780 on a class-wide basis.  We are willing to negotiate to attempt to resolve the demands
asserted in this letter.  If you wish to enter into such discussions, please contact me
immediately.  If I do not hear from you promptly, I will conclude that you are not interested
in resolving this dispute short of litigation.  If you contend that any statement in this letter is
inaccurate in any respect, please provide us with your contentions and supporting documents
promptly.

Very truly yours,

Reuben D. Nathan, Esq.